# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv166

| | |
|---|---|
| **SYNOVUS BANK,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF**<br>) **DECISION AND ORDER** |
| **MPM INVESTMENT, L.L.C., et al.,** | )<br>) |
| Defendants/<br>Third-Party Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| **SYNOVUS FINANCIAL CORP. d/b/a**<br>**NATIONAL BANK OF SOUTH**<br>**CAROLINA, et al.,** | )<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

**THIS MATTER** is before the Court on the Third Party Defendant Synovus Financial Corp.'s Motion to Dismiss Defendants' Amended Third Party Claims [Doc. 40] and the Plaintiff Synovus Bank's Motion to Dismiss the Defendants' Amended Counterclaims [Doc. 42].

Synovus Bank argues that the individual Defendants have waived all counterclaims and defenses in this matter by executing various waivers and releases in the guaranties made in support of the Promissory Note. [Doc. 43

at 5-6]. The Defendants argue that these waivers violate public policy and are therefore unenforceable. [Doc. 45 at 24-25].

In <u>Synovus Bank v. Karp</u>, No. 1:10cv172 (W.D.N.C.), the Court concluded that the Defendants expressly waived all counterclaims and defenses against the Bank pursuant to contractual language that is identical to the language at issue here. Thus, for the reasons stated in the <u>Karp</u> decision, the Court concludes that the individual Defendants' counterclaims in this action are subject to dismissal on the basis of these express waivers.

The facts, legal issues and causes of action asserted in the present matter by the remaining Defendant, MPM Investment, L.L.C.[1] ("MPM Investment"), are virtually identical to those presented in the case of <u>Synovus Bank v. Coleman</u>, Case No. 1:11cv66 (W.D.N.C.), and the same attorneys appear in both cases. Even though the cases have not been consolidated, the decision of this Court in the Order being entered contemporaneously herewith in <u>Coleman</u> addresses and disposes of nearly all of the issues raised by the motions currently before the Court in this matter. The Order in <u>Coleman</u>, therefore, is incorporated herein, and, with the exception of the MPM Investment's counterclaim under the South Carolina Unfair and

---

[1] MPM Investments, LLC did not join in the waiver.

Deceptive Trade Practices Act, the current motions will be disposed of in accord therewith.

In addition to those counterclaims which are addressed by the Coleman decision, MPM Investment asserts additional counterclaims for negligent misrepresentation, fraud, and fraud in the inducement. The facts asserted by MPM Investment in support of these counterclaims are substantially similar to those asserted by the Defendants in Synovus Bank v. Karp, No. 1:10cv172 (W.D.N.C.). For the reasons stated in the Karp decision, the Court concludes that MPM Investment's counterclaim for negligent misrepresentation must be dismissed. Further, for the reasons stated in Karp, the Bank's Motion to Dismiss will be denied as to MPM Investment's counterclaims for fraud and fraud in the inducement.

As noted above, MPM Investment also asserts a counterclaim for violation of the South Carolina Unfair and Deceptive Trade Practices Act, S.C. Ann. Code § 39-5-10, *et seq.* ("SCUTPA"). For the reasons stated in the Coleman decision, supra, the Court concludes that North Carolina law governs any claim that MPM Investment may have for the Bank's unfair and deceptive trade practices. Accordingly, MPM Investment's counterclaim under the SCUTPA must be dismissed.

As the Court recognized in Karp, however, "[p]roof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive acts." Karp, No. 1:10cv172, slip op. at 27 (quoting Winston Realty Co. v. G.H.G., Inc., 314 N.C. 90, 97, 331 S.E.2d 677, 681 (1985)). Because the Court concludes that MPM Investment has stated plausible claims for fraud and fraud in the inducement with enough particularity to survive the Plaintiff's Motion to Dismiss, the Court will provide MPM Investment with an opportunity to assert a claim under N.C. Gen. Stat. § 75-1.1, *et seq.* ("Chapter 75") for the Bank's alleged unfair and deceptive trade practices.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Third Party Defendant Synovus Financial Corp.'s Motion to Dismiss Defendants' Amended Third Party Claims [Doc. 40] is **GRANTED**, and the Defendants' Amended Third Party Claims against Synovus Financial Corp. are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff Synovus Bank's Motion to Dismiss the Defendants' Amended Counterclaims [Doc. 42] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Motion to Dismiss [Doc. 42] is **GRANTED** with respect to the counterclaims asserted by Defendants Markus J. Frantzen, Patrik Gaehwiler, Juerg A. Gege, and Markus Wegmann, and these counterclaims are **DISMISSED WITH PREJUDICE**;

(2) The Motion to Dismiss [Doc. 42] is **DENIED** with respect to Defendant MPM Investment, L.L.C.'s counterclaims under the ILSA and Chapter 75 and for fraud and fraud in the inducement; and

(3) With respect to all other counterclaims asserted by Defendant MPM Investment, L.L.C., the Motion to Dismiss [Doc. 42] is **GRANTED**, and these counterclaims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant MPM Investment, L.L.C. may file an amended Answer and Counterclaim within fourteen (14) days of the entry of this Order in order to assert an additional counterclaim under Chapter 75 against the Plaintiff Synovus Bank.

**IT IS SO ORDERED.**

Signed: August 15, 2012

Martin Reidinger
United States District Judge